IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDDY LEE SPEARMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-290 |
| CHARLES W. BELL, *et al.*, | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Eddy Lee Spearman, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Warden Charles W. Bell, Assistant Warden Debbie Erwin, Sergeant Michael J. Coleman and Correctional Officer Jimmy K. Locander.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's claims against defendants Bell, Erwin, and Coleman be dismissed as frivolous and for failure to state a claim.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, the court finds the objections lacking in merit. To the extent plaintiff now asserts defendants Bell and Erwin are liable as they failed to provide 24 hour medical care, this claim lacks merit. Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Even construing the facts favorably

to plaintiff, plaintiff has failed plead facts that even suggest deliberate indifference on the part of defendants Bell and Erwin.

As to plaintiff's assertion that defendant Coleman violated his constitutional rights as he failed to follow prison policy in taking photos following an injury, this claim also lacks merit. Failure to follow prison policies or regulations, alone, do not constitute a civil rights violation. *Vodicka v. Phelps*, 624 F.2d 569, 575 (5th Cir. 1980). Furthermore, plaintiff has failed to plead facts suggesting any act of deliberate indifference on the part of defendant Coleman.

## ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A partial judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **5** day of **January, 2015.**

_____
Ron Clark, United States District Judge