IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDDY LEE SPEARMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-290 |
| CHARLES W. BELL, *et al.*, | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff, Eddy Lee Spearman, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Jimmy Locander.[1]

Background

On August 29, 2016, a Report and Recommendation was entered, recommending Defendant Locander's Motion for Summary Judgment be granted (docket entry no. 66). No objections were received within the proper time frame so an Order Adopting the Report and Recommendation and Final Judgment were entered on September 20, 2016 (docket entry nos. 68 & 69). On September 21, 2016, an Acknowledgment of Receipt was returned indicating plaintiff did not receive a copy of the Report and Recommendation until September 8, 2016 (docket entry no. 70). Plaintiff filed Objections to the Report and Recommendation on September 27, 2016 (docket entry no. 71) and then a Notice of Appeal on October 6, 2016 (docket entry no. 72). The Fifth Circuit Court of

---

[1] Plaintiff's claims against defendants Bell, Erwin, and Coleman were dismissed by Memorandum Order and Partial Judgment, after considering plaintiff's objections, on January 5, 2015 (docket entry no. 16).

1

Appeals docketed the appeal as USCA Case Number 16-41391 on October 14, 2016. This case remained on appeal until March 14, 2017, when the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution (docket entry no. 76). Plaintiff filed a Rule 59(e) motion on April 28, 2017 asking this court to reconsider the final judgment in light of his objections.

Because the Rule 59(e) motion was filed more than 28 days after final judgment was entered, this Court liberally construes the motion as a Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b).

## Discussion

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b) (1)-(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). To prevail on a motion to set aside judgment, a defendant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 19897) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and

2

otherwise, within a reasonable time. FED. R. CIV. P. 60(b).

The Supreme Court has cautioned that Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S., 847, 863 (1988); *Ackermann v. United States*, 340 U.S. 193 (1950)). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b)(6) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

After considering plaintiff's objections, this Court finds plaintiff has still failed to overcome defendant's entitlement to qualified immunity. Plaintiff's allegations and the evidence indicate that the only sign of injury immediately after the accident was red skin on plaintiff's shoulder. Nothing in the present record demonstrates that defendant Locander was aware of an excessive risk to plaintiff's health or safety at that time and yet consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 840-41 (1994); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Furthermore, plaintiff concedes that defendant Locander's reason for not getting him immediate treatment was because of her belief that no one was in the infirmary.[2] According to plaintiff's own allegations, once the burn began to blister, he went to defendant Locander again who then sent plaintiff to the day room while she finished her count as no one was in the infirmary. It was at this time that plaintiff spoke with Sergeant Coleman who ultimately arranged for digital medical service with the Estelle Regional Medical Facility. Plaintiff even describes defendant Locander's actions or inactions as

---

[2]Plaintiff alleges specifically defendant Locander told him no one was in the infirmary, to "get tough," and "go back to your cell."

3

"grossly incompetent" which does not evince the culpable state of mind as required by deliberate indifference. Objections, pg. 3 (docket entry no. 71).

The record also contains no evidence that plaintiff suffered substantial harm in connection with the delay in receiving treatment. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 99 F.2d 191, 195 (5th Cir. 1993)). Moreover, any claim asserted by plaintiff that defendant Locander violated prison policy also does not amount to a constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Plaintiff has not shown that defendant Locander's actions or inactions were objectively unreasonable and plaintiff's objections are overruled.[3] *Easter v. Powell*. 467 F.3d 459, 462 (5th Cir. 2006). As a result, Plaintiff's Motion for Relief from Judgment, in light of his objections, is denied.

## ORDER

For the foregoing reasons stated herein, Plaintiff's Motion for Relief from Judgment (docket entry no. 77) is **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **February, 2018.**

_Ron Clark_
Ron Clark, United States District Judge

---

[3] To the extent plaintiff attempts to raise claims against additional defendants other than defendant Locander, these claims are not properly before the Court. They were not pleaded in plaintiff's original complaint. Plaintiff again references some exhibits that are not attached to his objections. *See, e.g.*, Witness Exhibits, Kevin Payne #612383, Toby Vance, #1328637, Wayne F. Baker #688001, and Ramond Becerra #858961 and testimony of Dr. Matthew Cox from Jeremy v. The State of Texas, Trial No. 05-13-01090- CR9. This evidence, or lack thereof, cannot be considered by this Court.